UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

**Sabrina Redding**
   **Plaintiff,**

**vs.**              **CASE NO.:**

**Dairy Queen of Sylvester and Mark**
**Casteel, individually**
   **Defendants.**
_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Sabrina Redding, by and through the undersigned attorney, sues Dairy Queen of Sylvester ("Dairy Queen"), and Mark Casteel ("Casteel") (collectively "Defendants"), and in support of her Complaint alleges:

### INTRODUCTION

1. Plaintiff, Sabrina Redding, was an employee of Defendant, Dairy Queen, and brings this action for unpaid overtime compensation, liquidated damages, attorney's fees, costs, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff was an hourly paid employee from 2002 through 2016 for Defendant in Worth County, Georgia.

3. Defendant, Dairy Queen is a Georgia Corporation that operates and conducts business in, among others, Worth County, Georgia and is therefore, within the jurisdiction of this Court.

4. At all times relevant to this action, Mark Casteel was an individual resident of the State of Georgia, who owned and operated and who regularly exercised the authority to: (a) hire and fire employees of Dairy Queen; (b) oversaw the work schedules for the employees of Dairy Queen and (c) exercised control over the

finances and operations of Dairy Queen.

5. By virtue of having regularly exercised that authority on behalf of Dairy Queen, Mark Casteel is an employer as defined by 29 U.S.C. § 201, et seq.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## JURISDICTION

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

## VENUE

8. The venue of this Court over this controversy is proper based upon the claim arising in Worth County, Georgia.

## FACTUAL ALLEGATIONS

9. Plaintiff worked as an "hourly paid employee" for Defendants at Dairy Queen.

10. Specifically, Plaintiff took food orders from customers, insured the cleanliness of the store, and double checked that food orders were being filled correctly.

11. Plaintiff worked in this capacity from approximately 2002 through 2016.

12. Plaintiff earned a rate of pay of $9.70 an hour, which was later increased to $11.70 an hour.

13. Defendants agreed to pay Plaintiff wages for work performed by Plaintiff. Plaintiff accepted this agreement and did work for Defendants.

14. During her employment with Defendants, Plaintiff regularly worked more than forty (40) hours a week, but was not paid time and one-half her regular rate of pay for

all hours worked in excess of forty (40) per work week during one or more work weeks.

**15.** Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COVERAGE

16. At all times relevant to this action, Dairy Queen was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

17. At all times relevant to this action, Dairy Queen made gross earnings of at least $500,000 annually.

18. At all times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out of state banks.

19. At all times relevant to this action, Defendants routinely ordered materials or supplies from out of state (*i.e.* restaurant supplies and equipment, food, beverages, etc.).

20. At all times relevant to this action, Defendants had 2 or more employees engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (*i.e.* restaurant supplies and equipment, food, beverages, etc.).

21. At all times relevant to this action, Plaintiff was individually engaged in interstate commerce during her employment with Defendants, by working with food supplies and equipment from out of state.

22. At all times relevant to this, Defendants used U.S. mail to send and receive letters to and from other states.

23. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in

excess of forty (40) within a work week.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

25. Plaintiff was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week. During her employment with Defendants, Plaintiff worked overtime hours but was not paid time and one-half compensation for same.

26. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION VERSUS MARK CASTEEL INDIVIDUALLY

29. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-23 above.

30. Defendant, Mark Casteel, is the owner and registered agent of Defendant, Dairy Queen.

31. Defendants Mark Casteel was a manager who acted with direct control over the work, pay, and job duties of Plaintiff..

32. Defendant Mark Casteel (1) had the power to hire and fire Plaintiff, (2) oversaw and controlled Plaintiff's work schedules or conditions of employment, (3) controlled Plaintiff's rate and method of payment, (4) maintained employment records, and determined Dairy Queen's overtime policies.

33. As such, Defendant Mark Casteel is charged with responsibility for violations of Plaintiff's rights to overtime and resulting damages.

WHEREFORE, Plaintiff, Sabrina Redding demands judgment against Defendant, Mark Casteel, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate. In addition, Plaintiff seeks all damages sought above by virtue of joint and several liabilities versus Defendants Dairy Queen and Mark Casteel

## **DEMAND FOR JURY TRIAL**

34. Plaintiff demands a jury trial on all issues so triable against Defendant.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this

Court determines to be just and appropriate.

    Dated this 13th day of January, 2017.

                                        /s/ Adian Miller_____
                                        Adian Miller
                                        GA Bar No. 794647
                                        Morgan & Morgan, P.A.
                                        191 Peachtree Ave N.E. Suite 4200
                                        Atlanta, GA 30303
                                        Telephone: (404) 496-7332
                                        Facsimile:
                                        Primary Email:  armiller@forthepeople.com
                                        Attorney for Plaintiff