IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| SABRINA REDDING, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.: 1:17-CV-14 (WLS) |
| : | |
| DAIRY QUEEN OF SYLVESTER and : | |
| MARK CASTEEL, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Present before the Court Plaintiff Sabrina Redding's Unopposed Motion for Approval of Settlement, filed on April 11, 2017. (Doc. 10.) Therein, Plaintiff indicates that a settlement between the Parties has been reached and now requests the Court approve the settlement and dismiss the case with prejudice. Upon thorough review of the proposed settlement, and for the following reasons, the Court accepts and approves the settlement and enters a stipulated judgement on behalf of the Parties. Plaintiff's Unopposed Motion for Approval of Settlement (Doc. 10) is **GRANTED.**

## PROCEDURAL BACKGROUND

Plaintiff Sabrina Redding worked for Defendant Dairy Queen of Sylvester. (Doc. 1 at ¶ 11.) Defendant Mark Casteel owned and operated the location in which Plaintiff worked. (*Id.* at ¶¶ 5, 30-33.) Allegedly, Defendants failed to pay Plaintiff for overtime hours worked in excess of forty (40) hours per work week, in violation of the Fair Labor Standards Act ("FLSA), 29 U.S.C. § 216(b). (*Id.* at ¶¶ 14, 23, 25-27.) In order to recover those unpaid wages, Plaintiff brought suit against the Defendants on January 13, 2017. Defendants answered the Complaint on February 2, 2017 and denied violating the FLSA. (Doc. 5.)

## DISCUSSION

"There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350,

1

1352 (11th Cir. 1982).  The first is under 29 U.S.C. § 216(c) where the Secretary of Labor is "authorized to supervise the payment of the [unpaid back wages] owing to any employee" under the Act.  *See also Lynn's Food Stores*, 679 F.2d at 1353.  The other way is when the "employee[] bring[s] a private action for back wages under the FLSA, [ ] present[s] to the district court a proposed settlement, [and] the district court [then enters] a stipulated judgment after scrutinizing the settlement for fairness."  *Id.* (citing *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Jarrard v. Se. Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947)).[1]  This matter clearly falls under the second instance in which the Court may approve a settlement arising under the FLSA.  Although a "stipulated judgment" has not been defined in the law, the United States Court of Appeals for the Eleventh Circuit has concluded that a stipulated judgment is one where at least two or more parties agree and when one side does not object.  *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1308 (11th Cir. 2013).  Here, Plaintiff indicates that Defendants do not oppose the settlement and has actively participated in settlement negotiations, as evidenced by the proposed Settlement Agreement.  (*See* Doc. 10-1.)

The Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States* further noted, with respect to FLSA settlements, the following:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores*, 679 F.2d at 1354 (footnote omitted).

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Here, this instant action was initiated in the adversarial context of a lawsuit between former employee and employer. Each side is represented by experienced counsel. The issues of whether Plaintiff is owed back wages under the FLSA are still in dispute, as Defendants deny liability. Upon review of the proposed Settlement Agreement, the Court finds that the terms of the settlement are fair to the Plaintiff and easily reflect a fair and reasonable compromise of the disputed issues in this case. *See Lynn's Food Stores*, 679 F.2d at 1355 (district court may approve settlements when "proposed by an employer and employee[], in a suit brought by the employee[] under the FLSA, [and] is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions."). Accordingly, the Court accepts the Parties' Settlement Agreement and dismisses this matter with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion for Approval of Settlement (Doc. 10) is **GRANTED**, the Parties' Settlement Agreement is hereby **ACCEPTED** by the Court, and stipulated judgment shall be entered. Accordingly, this case shall be **DISMISSED WITH PREJUDICE.**

**SO ORDERED,** this   13th   day of April, 2017.

                                               **/s/ W. Louis Sands**
                                               **W. LOUIS SANDS, SR. JUDGE**
                                               **UNITED STATES DISTRICT COURT**